IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

BRANDON PHILLIP STULL,

      Plaintiff,

    v.

SHERIFF DAVID MAHONEY,
DANE COUNTY JAIL, and
DOC,

      Defendants.

OPINION & ORDER

No.  18-cv-1057-wmc

*Pro se* plaintiff Brandon Phillip Stull, brings this action under 42 U.S.C. § 1983 against Sheriff David Mahoney, the Dane County Jail and the "DOC," which the court infers is the Wisconsin Department of Corrections. Stull alleges that defendants violated his constitutional and state law rights in allowing him to be prescribed certain medications while serving a community supervision sentence, and then in failing to respond to his need for medical care when he was being held at the Dane County Jail. While normally at this point, the court would screen plaintiff's complaint as required by 28 U.S.C. §§ 1915A, 1915(e)(2), since it is apparent the plaintiff's complaint fails to identify a suable defendant and violates Federal Rule of Civil Procedure 20, plaintiff will be required to file an amended complaint that corrects the deficiencies set forth below.

Plaintiff Brandon Stull currently is incarcerated at the Green Bay Correctional Institution ("GBCI"). Between December 2017 and April 2018, Stull was serving a period of community supervision. During this time frame, he was being treated at the University of Wisconsin ("UW") Hospital once a week for a staph infection in his knee.

When UW Hospital released him in November of 2017, he was released to a hotel for one month. During this time, he had been prescribed oxycodone and Gabapentin, and he was refilling those prescriptions from the hospital. Stull, who has a history of drug abuse, started abusing these drugs, and started abusing Wal-Tussin as well. Stull claims that he should have been housed in a rehabilitation facility, due to his prior drug use and his prescriptions for oxycodone and Gabapentin. Since he was not, Stull's increase in drug use caused him to be arrested and placed in the Dane County Jail.

On May 5, 2018, Stull asked the jail medical staff for ice for his knee, but it took staff five days to get it for him. During that time frame, Stull suffered from discomfort, stress and lack of sleep. On May 12, 2018, Stull asked for x-rays to be taken of his knee, but none were taken until June 5, 2018.

On July 1, 2018, Stull started to believe that his staph infection in his knee was back because he noticed a lump on his knee, so he submitted a request to be taken to UW Hospital. However, he was not taken to the hospital. On July 5, Stull noticed that his knee started leaking fluids, so jail staff placed him in a "medical cell" for five days. Stull

---

[1] Courts must read allegations in *pro se* complaints generously, resolving ambiguities and drawing reasonable inferences in plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

has not included details about how staff treated his knee condition during his time in that cell. Stull was returned to his old cell on July 10, but his cell still contained his old mattress, which still was soaked with his knee fluid. On July 12, Stull submitted another complaint, this time complaining that his knee condition had also caused a fever. Between July 5 and July 23, Stull was only allowed to change his uniform twice a week, was allowed to shower once a day, was given new sheets once a week, and he claims he was not given "proper" soap.

OPINION

Plaintiff's complaint suffers from two problems. First, he has not named a proper defendant for any of his claims. With respect to his claim related to his community supervision placement, while plaintiff may blame the DOC, this entity cannot be sued under § 1983. *See Will v. Mich. Dep't of State Police*¸ 491 U.S. 58, 66-67 (1989); *Witte v. Wis. Dep't of Corr.*, 434 F.3d 1031, 1036 (7th Cir. 2006). Similarly, with respect to his assertion that his medical needs were ignored at the Dane County Jail, the Dane County Jail is a building; it is not a "person" as defined by § 1983. *Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) ("A prison or department in a prison cannot be sued because it cannot accept service of the complaint."). Likewise, plaintiff cannot proceed against Sheriff Mahoney, since he has failed to allege facts suggesting that Mahoney was personally involved in the events at the jail in May of 2018. *Minix v. Canarecci*, 597 F.3d 833-34 (7th Cir. 2010) ("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional violation."). Nor can plaintiff proceed against Mahoney in his

supervisory capacity, since a plaintiff may only proceed against a supervisory defendant under § 1983 by showing that the supervisor "directed the conduct causing the constitutional violation, or . . . it occurred with [his] knowledge or consent." *Sanville v. McCaughtry*, 266 F.3d 724, 739-40 (7th Cir. 2001) (internal citations omitted). Since plaintiff does not allege that Mahoney was aware of the events at the jail in May 2018, plaintiff may not proceed against him, and he will be dismissed from this lawsuit.

Even assuming plaintiff had named a proper defendant, his complaint violates Federal Rule of Civil Procedure 20, which allows a plaintiff to join as many defendants as he wants in one action, but only so long as the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" *and* a common "question of law or fact" arises as to *all* defendants in the action. Fed. R. Civ. P. 20(a)(2). Rule 20 exists to prevent a plaintiff from "throw[ing] all of his grievances, against dozens of different parties, into one stewpot." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). Plaintiff's complaint violates Rule 20 because it outlines two unrelated types of claims without a common defendant: (1) the failure of the DOC, likely the parole agents responsible for his community supervision, to address adequately his history of drug use in allowing him access to oxycodone and Gabapentin while he was out on community supervision, and (2) Dane County Jail staff's handling of his complaints about knee pain and a possible infection during the summer of 2018.

Therefore, to proceed further with this lawsuit, plaintiff will be required to file an amended complaint, which the court will take it under advisement for prompt screening under 28 U.S.C. §§ 1915(e)(2), 1915A. In preparing his amended complaint, plaintiff

must also carefully consider which claims he would like to pursue in this lawsuit -- the claims related to the terms of his community supervision or the claims arising from his time at the Dane County Jail. If plaintiff's amended complaint includes claims or defendants that violate Rule 20, the court may dismiss inappropriate defendants or sever inappropriately joined claims *sua sponte*.

Furthermore, plaintiff should carefully consider who he would like to identify as defendants, keeping in mind that to proceed against a defendant under § 1983, that individual must have been personally involved in the alleged constitutional violation. For example, if plaintiff opts to challenge the terms of his community service, he might choose to name the parole agents involved in making decisions about where to place him while on community supervision, or, if he decides to pursue the claims related to his time at the jail, he might name the individuals that were aware of, and/or responded to, his requests for medical care.

More practically, plaintiff should draft his amended complaint as if he is telling a story to someone who knows nothing about his situation. This means that he should explain: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) how the court can assist him in relation to those events. Plaintiff should set forth his allegations in separate, numbered paragraphs using short and plain statements. As best he can, plaintiff should also tell his story chronologically, inserting allegations related to each defendant at the time in the chronology of events they became involved. Most importantly, plaintiff should not set forth details that do not relate *directly* to his claims, nor should he repeat any of the allegations comprising his claims or

devote paragraphs to legal arguments or general grievances about defendants, the jail or the DOC. After he finishes drafting his amended complaint, plaintiff should review it and consider whether it could be understood by someone who is not familiar with the facts of his case. If not, he should make necessary changes.

ORDER

IT IS ORDERED THAT:

1. Plaintiff Brandon Phillip Stull's complaint is DISMISSED without prejudice.

2. Plaintiff has until **October 3, 2019**, to file an amended complaint that names a proper defendant and comports with Federal Rule of Civil Procedure 20. **If plaintiff fails to respond by that deadline, then this case will be dismissed with prejudice for failure to prosecute.**

Entered this September 12, 2019.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge